IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOHN W. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:16-CV-04203-NKL |
| | ) |
| SELECT PORTFOLIO SERVICING, | ) |
| INC., et. al., | ) |
| | ) |
| Defendants. | |

**ORDER**

Plaintiff John W. Smith brings this lawsuit *pro se* against Select Portfolio Servicing, Inc., DLJ Mortgage Capital, and DOES 1 to 100, Inclusive. The dispute concerns Smith's mortgage loan, held by DLJ and serviced by Select Portfolio. Smith alleges claims against both defendants for breach of the implied covenant of good faith and fair dealing, wrongful foreclosure, and quiet title. Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim. [Doc. 3].

Because Plaintiff did not oppose the pending motion, the Court entered an Order to Show Cause on August 9, 2016, why Defendants' motion should not be granted. [Doc. 10]. Plaintiff's response was to be filed on or before August 24, 2016. [*Id.*]. Plaintiff did not file a response. Therefore, the Court considers Defendants' motion to be fully briefed. For the reasons set forth below, the Motion to Dismiss is granted.

**I.    Background**

The following facts from Plaintiff's complaint, [Doc. 1-6], are taken as true for the purpose of determining whether Plaintiff's complaint should be dismissed for failure to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a *pro se*

complaint, the Court construes it liberally and draws all reasonable inferences from the facts in the Plaintiff's favor. *Topchian v. JP Morgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014).

In 1998, Plaintiff obtained a mortgage loan from HSBC, comprised of a promissory note secured by a deed of trust on Plaintiff's residence at 30757 Daffodil Drive, Warsaw, Missouri. Later, the loan was assigned to DLJ as the mortgage holder with Select Portfolio as the mortgage servicer. Around 2008, Plaintiff requested a loan modification to his mortgage, but both Select Portfolio and DLJ denied this request. In February 2015, Select Portfolio and DLJ recorded a Notice of Default in the Office of the Recorder for Benton County, Missouri against Plaintiff's residence in Warsaw, Missouri. Plaintiff continued to attempt to modify his loan, but Defendants rejected his modification proposals.

Plaintiff's complaint alleges three counts. In Count I, Plaintiff alleges that Defendants are liable for breaching the implied covenant of good faith and fair dealing by failing to consider in good faith his proposed loan modifications. In Count II, Plaintiff alleges that Defendants are liable for wrongful foreclosure because they did not own the loan or corresponding note, but nonetheless, they conducted a non-judicial foreclosure sale. Finally, in Count III, Plaintiff brings a quiet title action by alleging his superior interest in the Warsaw, Missouri property.

**II.    Discussion**

   **A.   Count I: Breach of the Implied Covenant of Good Faith and Fair Dealing**

Count I alleges that Defendants breached the implied covenant of good faith and fair dealing by "fail[ing] to consider Plaintiffs' requests [for loan modifications] in good faith." [Doc. 1-6, at ¶ 31]. Missouri law recognizes an implied duty of good faith and fair dealing in every contract. *Arbos v. Jefferson Bank & Trust Co., Inc.*, 464 S.W.3d 177, 185 (Mo. 2015) (en

banc). The covenant's purpose is to prevent one party from using an agreement's express terms to "deny the other party the expected benefit of the contract" or to "evade the spirit of the transaction." *Hawthorn Bank and Hawthorn Real Estate, LLC v. F.A.L. Invest, LLC*, 449 S.W.3d 61, 66-67 (Mo. Ct. App. 2014) (internal quotation marks omitted). This implied covenant, however, is not "an everflowing cornucopia of wished-for legal duties; indeed, the covenant cannot give rise to obligations not otherwise contained in a contract's express terms." *Comprehensive Care Corp. v. RehabCare Corp.*, 98 F.3d 1063, 1066 (8th Cir. 1996) (quoting *Glass v. Mancuso*, 444 S.W.2d 467, 478 (Mo. 1969)).

Plaintiff's implied covenant claim alleges that Defendants' decision to reject his mortgage modification requests was made in bad faith. Specifically, Plaintiff contends that "Defendants refused to cooperate with Plaintiff, even . . . where they were made aware of Plaintiffs' situation," including "the severe problems countervailing Plaintiffs' ability to pay the Mortgage Loan." [Doc. 1-6, ¶¶ 30, 31].

Count I, however, fails to state a claim upon which relief may be granted. First, the pleadings fail to cite any facts or specific contract terms, such as in the Deed of Trust or Promissory Note, that give rise to an obligation by Defendants to consider Plaintiff's loan modification request. Therefore, Plaintiff's alleged right to a modification is a mere "wished-for legal dut[y]" and not required by the implied covenant of good faith and fair dealing. *Comprehensive Care Corp.*, 98 F.3d at 1066.

Moreover, even if Defendants did have a duty to consider Plaintiff's loan modification requests, Plaintiff failed to plead factual information to support his allegation that Defendants' denials of these requests were arbitrary, capricious, or an abuse of discretion. In a contract instilling one party with the discretion to decide issues arising under the contract, "the question is

3

not whether the party made an erroneous decision but whether the decision was made in bad faith or was arbitrary or capricious so as to amount to an abuse of discretion." *Missouri Consol. Health Care Plan v. Cmty. Health Plan*, 81 S.W.3d 34, 48 (Mo. Ct. App. 2002). Further, the covenant does not require parties to exercise reasonableness in their decision making, and "show[ing] that a party invested with discretion made an erroneous decision" is not enough. *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 914 (8th Cir. 2007) (interpreting Missouri law). Therefore, even if Defendants' decision to deny Plaintiff's modification request was arguably unreasonable, Plaintiff failed to plead sufficient facts showing that Defendants acted in bad faith. Plaintiff did not offer any evidence that Defendants exercised their discretion for the purpose of evading the spirit of the mortgage agreement or denying Plaintiff the expected benefit of his bargain. Rather, Plaintiff characterizes Defendants' actions as "malicious, fraudulent and oppressive" without any factual support. Without more, such threadbare recitals of a claim's elements are not enough to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is dismissed for failure to state a claim.

B. **Count II: Wrongful Foreclosure**

Count II alleges that Defendants are liable for wrongful foreclosure because they sold Plaintiff's loan to investors, and "none of the Foreclosing Defendants . . . were lawfully appointed as trustee or had the original note assigned to them."[1] [Doc. 1-6, ¶ 36]. A wrongful foreclosure at law claim and a wrongful foreclosure in equity claim both require that a

---

[1] The Court acknowledges that Plaintiff's wrongful foreclosure claim also alleges that Defendants "do not have the original note to prove that they are in fact the party authorized to conduct the foreclosure." [Doc. 1-6, ¶ 37]. The Court dismisses this argument because no Missouri law requires this action. *Lackey v. Wells Fargo Bank, N.A.*, 747 F.3d 1033, 1038 (8th Cir. 2014). Rather, this "show me the note" theory is "consistently rejected by United States District Courts in Missouri interpreting Missouri law." *Id.*

4

foreclosure sale occurred.  *See Reliance Bank v. Musselman*, 403 S.W.3d 147, 149 (Mo. Ct. App. 2013) ("An action in wrongful foreclosure for damages lies only where the mortgagee does not have the right to foreclose at the time the foreclosure proceedings were commenced."); *see also Dobson*, 259 S.W.3d at 22 ("If the mortgagee did have the right to foreclose, but the sale was otherwise void or voidable, then the remedy is a suit in equity to set the sale aside.").  Missouri law is clear that a cause of action does not exist where a foreclosure sale has not occurred, such as for an attempted wrongful foreclosure.  *See Reese v. First Mo. Bank and Trust Co.*, 736 S.W.2d 371, 373 (Mo. 1987) (en banc) ("[O]ur authorizing a cause of action for wrongful attempted foreclosure would effectively nullify the purposes for having the expeditious non-judicial foreclosure deeds of trust.").  Therefore, to support a wrongful foreclosure claim, Plaintiff must plausibly allege that a foreclosure sale actually took place.

Although Plaintiff alleges that "Defendants proceeded with a non-judicial foreclosure sale," Plaintiff does not provide any factual support for this naked assertion. [Doc. 1-6, ¶ 43]. Therefore, the Court cannot plausibly infer that a foreclosure sale took place.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Additionally, Plaintiff's other pleadings contradict his bare allegation of a foreclosure sale by discussing the foreclosure sale as though it has not yet occurred.  Plaintiff refers to "the *pending* loss of the Subject Property," and Plaintiff seeks "an order restraining and enjoining Defendants from foreclosing on the Subject Property," all of which suggests that a foreclosure sale did not take place.  [Doc. 1-6, ¶¶ 40, C].  Count II is dismissed.

### C. Count III: Quiet Title

Count III alleges that Plaintiff is entitled to quiet title because he is the equitable owner of the property, and "Defendants had no right to title or interest in [it]" when they "proceeded with a non-judicial foreclosure sale."[2] [Doc. 1-6, ¶¶ 42, 43].

To state a claim for quiet title under Missouri law, a plaintiff must allege (1) ownership of the described real estate; (2) that the defendant claims title or interest in the subject premises; and (3) that such claim is adverse and prejudicial to the plaintiff. *See Howard v. Radmanesh*, 586 S.W.2d 67, 68 (Mo. Ct. App. 1979), 586 S.W.2d 67 (1979) (citing *Randall v. St. Albans Farm, Inc.*, 345 S.W.2d 220, 221 (Mo. 1961)). In addition, the plaintiff seeking quiet title "has the burden to prove title superior to the other party, not superior to the whole world, and must prevail on the strength of its own title and not any weakness in the title of the other party." *Olson v. Village of Climax Springs*, 916 S.W.2d 198, 203 (Mo. 1996) (en banc).

In his complaint, Plaintiff contends that he owns the Warsaw, Missouri property and that Defendants lack valid title or interest in the property. Plaintiff fails, however, to plead facts demonstrating that he has an interest in the property superior to that of Defendants; instead, Plaintiff expressly alleges that a mortgage on his property exists and pleads facts showing that Defendants' interest is superior. Although Plaintiff pleads that he "fulfilled each and every term of the agreement," the remainder of his pleadings contradict this bare assertion, and Plaintiff does not otherwise allege that he paid off the mortgage in full or that his property is no longer encumbered by the mortgage. [Doc. 1-6, ¶ 18].

For instance, Plaintiff's Count III for quiet title incorporates his prior allegations that he obtained a mortgage loan around November 1998 from HSBC, which was "later bought and or

---

[2] As discussed in Section II.B., Plaintiff failed to plausibly allege that a foreclosure sale did, in fact, take place.

6

Case 2:16-cv-04203-NKL   Document 14   Filed 09/15/16   Page 6 of 7

transferred to" Defendants, and which "will never be paid off." [*Id.* at ¶¶ 17, 41]. In addition, Plaintiff alleges that Defendants recorded a Notice of Default against the property around February 2015. [*Id.* at ¶ 23]. By specifically pleading the mortgage's existence, including the approximate mortgage date, the name of the original mortgagee, that the mortgage was transferred to Defendants, that Plaintiff will never pay off the mortgage, and that a Notice of Default was entered, Plaintiff admits that Defendants have a valid interest in the property. Plaintiff cannot plausibly establish superior title under these circumstances. Therefore, Plaintiff fails to state a claim for quiet title, and Count III is dismissed.

**III.     Conclusion**

For the reasons set forth above, Defendants' Motion to Dismiss, [Doc. 3], is granted. Counts I, II, and III are dismissed with prejudice as to Defendants Select Portfolio and DLJ.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  September 15, 2016  
Jefferson City, Missouri

7

Case 2:16-cv-04203-NKL   Document 14   Filed 09/15/16   Page 7 of 7